MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Attorney for Debtor,
Choa Vision, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re | CASE NO.: 2:10-bk-44798-RN |
|---|---|
| CHOA VISION, LLC, a California limited liability company, | Chapter 11 |
| Debtor. | DECLARATION OF GENE CHOE IN SUPPORT OF THE FOLLOWING EMERGENCY MOTIONS: |
| | 1) CASH COLLATERAL |
| | 2) PAYROLL |
| | 3) CUSTOMER OBLIGATIONS; AND |
| | 4) UTILITIES |
| | Date: TBD |
| | Time: TBD |
| | Place: Courtroom 1645 |

I, Gene Choe, declare and state:

1.    I am a Managing Member of CHOA Vision, LLC, debtor and debtor-in-possession herein (the "Debtor"). I have been responsible for overseeing the day-to-day operating and financial performance of the Debtor and am involved in supervising all aspects of the Debtor's financial and business affairs since its inception. I have personal knowledge of the

1

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

facts set forth below and if called to testify as to those facts, I could and would competently do so.

General Description of the Debtor

2. Debtor owns and operates, with the assistance of the management company, Packard Hospitality Group, LLC ("Packard"), the Crowne Plaza Hartford Downtown hotel in Hartford, Connecticut. The Hotel features 350 guest rooms and suites, over 8,000 square feet of meeting space, one restaurant, a hotel bar, an outdoor pool and a fitness center. The Hotel currently employs approximately 96 people.

Events Precipitating the Chapter 11 Bankruptcy Filing

3. On February 28, 2007, the Debtor gave Commonwealth Business Bank ("CBB") a promissory note (as amended, the "Note") and commercial mortgage (the "Mortgage"), in exchange for a loan (the "Loan") in the original principal amount of $13,143,000.00.

4. Debtor learned that CBB intended to sell the Note and assign the Deed of Trust to 50 Morgan CT, LLC ("50 Morgan"). Debtor is informed and believes that 50 Morgan has experience in the management of hotels and intends to attempt to oust the equity holders in the Debtor and take over the Hotel.

5. On or within days after the Petition Date, but, in any case, after the filing of the chapter 11 bankruptcy petition by the Debtor, the Debtor is informed and believes that CBB closed the sale of the Note to 50 Morgan. To date, the Debtor is informed that no assignment of the Deed of Trust has been recorded. Further, Debtor has received no confirmation, despite reasonable requests, from 50 Morgan that it is, in fact, the holder of the Note.

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

Cash Collateral

6. A true and correct copy of the Debtor's budget (the "Budget"), is attached hereto as Exhibit "1", and is incorporated herein by this reference. The Budget projects the Debtor's cash needs through February 28, 2011, but separately shows the Debtor's projected cash needs through September 30, 2010, the period through which the Debtor has requested emergency use of cash collateral. The projection was developed by the Debtor and Packard based upon current operating data and management's best estimate of future cash need. The Budget establishes that the Debtor is generating positive earnings before interest, taxes, depreciation and amortization; consequently the cash collateral pool will not be depleted through continuing operations.

7. The hotel business is very competitive and one of the most important variables that guests weigh when choosing a hotel is the level and quality of service. Unless the Debtor obtains immediate authorization to use Cash Collateral to pay all ordinary and necessary obligations, the operations of the Hotel will be adversely impacted. If use of cash collateral is not granted immediately, operations will be interrupted and occupancy levels will most certainly decline, reducing the value of the estate's assets and impairing the rights of creditors. In contrast, if immediate relief is granted as prayed herein, asset values will be preserved. Under these circumstances, granting relief on an emergency basis is both necessary and appropriate.

8. The Debtor is seeking immediate relief due to the nature of its business and the cash intensive nature of its business. The Hotel collects substantial revenues on a daily basis. However, it must also expend these collections to sustain its business. Immediate relief is needed or the Hotel will run out of cash for operations.

Payroll

9. The Hotel is managed by Packard pursuant to the Management Contract. Packard employs approximately 96 employees to operate the Hotel and provide critical guest services.

10. The payroll component of the fee payable to Packard under the Management Contract is ranges from approximately $222,000.00 to $250,000.00 per month. This component is comprised of the wage and benefit obligations, and union health and benefit obligations, payable to the Hotel staff. The Debtor estimates that the prepetition "stub" period obligations owed to the staff will total approximately $130,949.47. Payroll for August 6, 2010 to August 12, 2010 was scheduled to be paid on August 19, 2010. Payroll for August 13, 2010 to August 20, 2010 is scheduled to be paid on August 26, 2010.

11. The pre-petition compensation amounts do not include any compensation or expenses to any insiders.

12. I am generally familiar with the employee census maintained by Packard. All of the employees who will receive prepetition wage payments will fall below the $10,950 per employee priority limit in the bankruptcy code.

13. Any further disruption in the payments to the onsite staff would have an immediate and adverse impact upon the operations of the Hotel. Staff defections would occur, moral would decline and the quality of service at the Hotel could suffer. Accordingly, obtaining court authorization to pay the prepetition wage obligations owed under the Management Contract is critically important to the Debtor and the creditors.

14. In order to preserve and maintain its ongoing business operations, and to meet the needs of its customers, the Debtor must retain the support of its employees. To retain this

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

support, the Debtor must timely pay all prepetition payroll and wage related obligations owed to this constituency.

15. I believe that employees will leave if they are not paid, which will cause immediate and irreparable damage to the Debtor's business. In contrast, if the Debtor can promptly obtain the relief sought herein, its business value will be preserved for the benefit of all creditors.

The Debtor's Customer Obligations

16. The Debtor has sold or otherwise distributed promotional specials, discounts and gift certificates for use at its hotel, restaurant and shops. In addition, the Debtor offers banquet, catering services and group hotel services, for which it requires a deposit, with the balance due on the date of the banquet, catering service or group hotel services. While the outstanding promotional specials, discounts, and gift certificates, if any, are unknown and cannot be readily ascertainable, the Debtor estimates that the banquets, catering and group hotel services deposits total approximately $14,496.20.

17. If the Debtor cannot honor these Customer Obligations, its customers may likely not stay at or return to the Hotel. Moreover, failure to honor these obligations would impede upon the Debtor's efforts to remain competitive with other hotels, and undoubtedly engender negative publicity, which would damage sales and the Debtor's efforts to repay creditors. Consequently, fulfilling these Customer Obligations are an important part of preserving customer confidence and support. Any disruption in the Debtor's ability to honor these Customer Obligations may result in a loss of business to the Hotel, and a resulting loss of income to the Debtor.

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

18. The Debtor seeks the instant relief on an emergency basis, such that the restaurants may continue honoring the customer obligations immediately following the Petition Date, so that the Debtor's transition into Chapter 11 is seamless and unnoticeable to the Debtor's customers.

19. Should the Debtor be unable to honor the Customer Obligations, it will lose customer confidence and support, and therefore lose revenues, which could significantly affect the Debtor's ability to reorganize. The Debtor cannot, at this stage of its restructuring, weather a decline in revenue, which would surely result from a dishonoring of reward certificates, banquet and catering deposits, and specials. The Debtor must continue to conduct business as usual for its customers, which requires that the Debtor be able to honor Customer Obligations.

Utilities

20. In the ordinary course of business, the Debtor uses gas, water, electric, telecommunications and other services provided by various utility companies (collectively, the "Utility Providers"). The continued and uninterrupted utility service is essential to the Debtor's ability to sustain its operations during its Chapter 11 case. Any interruption of utility service would severely disrupt the Debtor's business operations. Prior to the Petition Date, the Debtor generally paid the Utility Providers' bills consistently and on a regular basis. The Debtor estimates that its average monthly payments to its Utility Providers aggregates approximately $50,000.00.

21. To continue day-to-day operations in the most cost-effective manner, the Debtor must ensure that there is no interruption of utility services. Since the Debtor cannot continue its business operations without utility services, it is critical that the Debtor obtain emergency

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

authorization for the relief requested herein and further relief as is just and appropriate under the circumstances in this case.

22. The Debtor has already had various Utility Providers threaten to disconnect service.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on September 14, 2010 at Los Angeles, California.

GENE CHOE

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

In re: CHOA VISION, LLC
Debtor(s).

CHAPTER 11

CASE NUMBER: 2:10-bk-44798-RN

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document described "**DECLARATION OF GENE CHOE IN SUPPORT OF THE FOLLOWING EMERGENCY MOTIONS: 1) CASH COLLATERAL, 2) PAYROLL, 3) CUSTOMER OBLIGATIONS; AND 4) UTILITIES**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _September 17, 2010_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On _September 17, 2010_ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _September 17, 2010_ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 09/17/10 | Cristina Frankian | /s/ Cristina Frankian |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009

F 9013-3.1

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

## Service List

### Section I – Served Via Electronic Notice

Office of the US Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, California 90017
ustpregion16.la.ecf@usdoj.gov
russell.clementson@usdoj.gov

Philip A Gasteier
pag@lnbrb.com

Leib M Lerner
leib.lerner@alston.com

### Section II – Served Via Overnight Mail

Hess Corporation
Attention: Legal
One Hess Plaza
Woodbridge, New Jersey 07095

U.S. Foodservice Inc.
9399 W. Higgins Rd., Suite 600
Rosemont, Illinois 60018

InterContinental Hotels Group
Attention: Legal Department
Three Ravinia Drive, Suite 100
Atlanta, GA 30346

### Section III – Served Via Personal Delivery, Email, or Facsimile

Chambers of Judge Richard Neiter
United States Bankruptcy Court – Central District of CA
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1652
Los Angeles, California 90012
*Served Via Personal Delivery*

50 MORGAN CT, LLC.
3435 Wilshire Blvd., Suite 430
Los Angeles, CA 90010
*Facsimile: (213) 487-9776*

City of Hartford
550 Main Street
Hartford, CT 06103
*Facsimile: (860) 808-5383*

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS

| | |
|---|---|
| 1 | Commonwealth Business Bank |
| | 5055 Wilshire Boulevard, #100 |
| 2 | Los Angeles, CA 90036 |
| | *Email: davidk@cwbbank.com* |
| 3 | |
| | Greater Hartford C & V Bureau |
| 4 | 31 Pratt Street, 4th Floor |
| | Hartford, CT 06103 |
| 5 | *Email: mvp@hartfordcvb.org* |
| 6 | Metropolitan District |
| | 555 Main Street |
| 7 | PO Box 800 |
| | Hartford, CT 06142 |
| 8 | *Email: jjohnson@mdc.com* |
| 9 | One Communications |
| | PO Box 415721 |
| 10 | Boston, MA 02241-5721 |
| | *Email: mshaw@onecommunications.com* |
| 11 | |
| | Packard Hospitality Group |
| 12 | 8775 Aero Drive |
| | Suite 335 |
| 13 | San Diego, CA 92123 |
| | *Email: steve@packard-1.com* |
| 14 | |
| | Plymouth Park Tax Services, LLC |
| 15 | dba XSPAND |
| | 115 S. Jefferson Rd., D-4 |
| 16 | Whippany, NJ 07981 |
| | *Email: diane.ilacqua@jpmorgan.com* |
| 17 | |
| | Solomon Agency Corp. |
| 18 | 29-50 Union St. 2nd floor |
| | Suite 200 |
| 19 | Flushing, NY 11354 |
| | *Facsimile: (718) 461-8185* |
| 20 | |
| | State of Connecticut |
| 21 | Department of Revenue Services |
| | 25 Sigourney Street |
| 22 | Hartford, CT 06106 |
| | *Facsimile: (860) 297-5916* |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

10

DECLARATION OF GENE CHOE IN SUPPORT OF EMERGENCY MOTIONS