1  MICHAEL JAY BERGER (State Bar # 100291)
   **LAW OFFICES OF MICHAEL JAY BERGER**
2  9454 Wilshire Blvd. 6th Floor
3  Beverly Hills, CA 90212-2929
   Telephone:    (310) 271-6223
4  Facsimile:    (310) 271-9805
5  michael.berger@bankruptcypower.com

6  Attorney for Debtor,
   Choa Vision, LLC
7

8              UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION
11

12 | In re                              )  CASE NO.:  2:10-bk-44798-RN
                                        )
13 | CHOA VISION, LLC, a California limited )  Chapter 11
   | liability company,                  )
14 |                                     )  DEBTOR'S NOTICE OF MOTION AND
   |                                     )  MOTION IN SUPPORT OF CONTINUED
15 |             Debtor.                  )  INTERIM USE OF CASH
   |                                     )  COLLATERAL; DECLARATION OF
16 |                                     )  RON LIM IN SUPPORT THEREOF
   |                                     )  FILED CONCURRENTLY HEREWITH
17 |                                     )
   |                                     )  Date:   October 26, 2010
18 |                                     )  Time:  11:00 a.m.
   |                                     )  Place:  Courtroom 1645
19 |                                     )
   |                                     )
20 |                                     )
   |                                     )
21 |                                     )
   |_____)
22

23        TO THE HONORABLE RICHARD M. NEITER, JUDGE OF THE UNITED

24 STATES BANKRUPTCY COURT AND THE OFFICE OF THE UNITED STATES

25 TRUSTEE:

26        PLEASE TAKE NOTICE THAT on October 26, 2010 at 11:00 a.m., or as soon

27 thereafter as may be heard, in Courtroom 1645 located at 255 E. Temple Street, Los Angeles,

28 California 90012, Choa Vision, LLC, a California limited liability company ("Debtor"), debtor

                                    1

and debtor-in-possession herein, will seek, pursuant to 11 U.S.C. § 363(b)(1), authorization for the continued interim use of cash collateral.

This Motion is based upon this Notice, the Memorandum of Points and Authorities in Support thereof, the Declaration of Ron Lim, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the Court in support of the Motion.

LAW OFFICES OF MICHAEL JAY BERGER

Dated:  10-20-10          By: _____
                              MICHAEL JAY BERGER
                              Attorney for Debtor,
                              Choa Vision, LLC

2

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **FACTUAL BACKGROUND**

During a hearing on September 30, 2010, the Court authorized the Debtor's interim use of cash collateral though October 31, 2010, and set a hearing regarding the continued interim use of cash collateral for October 26, 2010.  Submitted as Exhibit "1" to the Declaration of Ron Lim, filed concurrently herewith, is the Debtor's proposed Budget for the continued interim use of cash collateral through December 31, 2010.

Debtor is the owner of the 350-room Crowne Plaza Hartford Downtown, located at 50 Morgan Street, in Hartford, Connecticut (the "Hotel").  The Debtor utilizes the Crown Plaza name under a franchise agreement with InterContinental Hotels Group ("IHG").  The day-to-day operations of the Hotel are managed by Packard Hospitality Group, LLC ("Packard"), a third-party management firm, pursuant to the terms of a management contract, by and between Debtor and Packard, dated as of June 25, 2008 (the "Management Contract").

The continued use of cash collateral is necessary to the continuance of the Debtor's business.  A hospitality facility, such as the Hotel, must provide customers with the highest quality of service during their stay.  The failure to provide this level of service will result in severe reputational damage, and lower occupancy levels, revenues and asset values.  The failure to provide the highest level of service could also lead to the Hotel's flag being pulled by IHG, which would have a severe adverse impact on the Hotel's revenues and asset values.

Substantially all of the assets of the Debtor are subject to a lien, as evidenced by a mortgage currently purported held by 50 Morgan CT, LLC ("Secured Creditor") which secures a debt with an original principal balance of $13,143,000.00.

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL

Debtor seeks the continued and immediate use of all cash and cash equivalents on hand, and hereafter generated from the Hotel to the extent that the same constitutes "cash collateral" pursuant to 11 U.S.C. §363(a) ("Cash Collateral"). The cash authorization in the Budget reflects what management believes is necessary to fund the ordinary course needs of the Debtor from the date of filing of the petition through December 31, 2010.

II.    **REQUESTED RELIEF**

Debtor seeks the following relief:

1.    Authorizing the Debtor to use any and all "cash collateral," as that term is defined in 11 U.S.C. § 363(a), now on hand or hereafter collected, in accordance with the budget ("Budget"), attached as Exhibit "1" to the Declaration of Ron Lim (the "Lim Declaration"), filed concurrently herewith. Debtor seeks to use such Cash Collateral for a period through December 31, 2010, or a date to be fixed by the Court for a "final" hearing on the use of Cash Collateral, at which final hearing the Debtor will ask the Court to extend its interim use of cash collateral or grant the debtor permanent use of cash collateral.

2.    Authorize Debtor to make expenditures in amounts not to exceed 110% of each of the line item amounts contained in the Budget, except that the franchise fee may vary with the Debtor's revenues. Any expenditures in excess of that amount will require the written approval of Secured Creditor, or further order of the Court after appropriate notice. Budget savings may be carried over and used by the Debtor in subsequent periods.

3.    Grant Secured Creditor a reservation of rights as to final hearing and any use of cash collateral after December 31, 2010, with nothing herein deemed to be an admission by Secured Creditor that it is adequately protected, or to prevent Secured Creditor from exercising any other right or remedy which may be available to it.

4

4.    The Debtor shall pay to the Secured Creditor the sum of $85,000.00 for November on or before November 6, 2010, and the sum of $85,000.00 for December on or before December 6, 2010.

5.    All real property tax payments are to be made directly to the taxing authority or to a segregated trust account to be held for the benefit of the tax authority until payment.  The Debtor shall provide evidence of payment to Secured Creditor by the end of each month.

6.    The Debtor shall satisfactorily demonstrate that sales/use taxes are being paid, and provide evidence of payment to Secured Creditor by the end of each month.

7.    The Debtor shall provide to Secured Creditor any reasonable further assurances reasonably requested by the Secured Creditor in connection with any insurance policies held by the Debtor.

8.    The Debtor shall provide to Secured Creditor, by email to its counsel, copies of income and expense reports, in the same format attached to the Supplemental Declaration of Gene Choe (the "Choe Declaration"), filed September 29, 2010, (a) for November 1-15 by November 22, 2010, (b) for November 16-30 by December 6, 2010, (c) for December 1-15 by December 22, 2010, (b) for December 16-31 by January 6, 2011.

9.    Secured Creditor shall be granted replacement liens in the Debtor's post-petition assets to the extent of all cash collateral used, to the same extent, validity and priority as Secured Creditor's pre-petition liens; provided that such replacement liens shall not extend to avoidance actions.  The replacement liens shall be perfected automatically upon entry of the order.

10.   Should Debtor fail to abide by the terms of this Order, the Debtor's right to use cash collateral by consent shall terminate upon 5 business days notice by Secured Creditor's

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL

counsel to Debtor's Counsel of such failure, unless the failure is cured with such 5 business day

period.

      11.     Such further relief as the Court deems just and proper.

      This motion is made on the basis of the appended Declaration of Ron Lim, the within

points and authorities, and on such other evidence as the Court elects to consider prior to or at

the hearing on this matter.

III.   **ARGUMENT**

      The use of the Cash Collateral for operations should be authorized in accordance with the

Budget.  The Debtor should be authorized to use the Cash Collateral to operate the

Hotel because the continued operations and the concomitant use of the Cash Collateral will

preserve the value of the Cash Collateral and of the Hotel for the benefit of the estate and the

Secured Creditors.

      "Cash Collateral" is defined in 11 U.S.C. § 363(b)(1) as cash, negotiable instruments,

documents of title, securities, deposit accounts or other cash equivalents in which the estate and

an entity other than the estate have an interest, and includes the proceeds, products, offsprings or

profits of property subject to a security interest as provided in 11 U.S.C. §552(b), whether

existing before or after the commencement of the case.

      Under 11 U.S.C. §363(c)(2), a Debtor may use Cash Collateral where: (1) each entity that

has an interest in such Cash Collateral consents, or (2) the court authorizes such use after notice

and hearing. See Freightliner Market Development v. Silver Wheel Freight, 823 F.2d 362, 367-

68 (9th Cir. 1987).  Under 11 U.S.C. §363(e), the court may condition the use of property,

including Cash Collateral, as necessary to provide adequate protection of an entity's interest in

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL

such Cash Collateral.  Adequate protection is related to the risk of "decrease in the value of [the secured creditor's] interest in such property." See 11 U.S.C. §361.

      The general inquiry regarding the use of Cash Collateral by a Debtor is whether the secured creditor's interest in the Cash Collateral is adequately protected against a decrease in the value of such collateral.  In re George Ruggiere Chrysler-Plymouth, Inc., 727 F.2d 1017, 1019 (11th Cir. 1984).  Adequate protection, by its nature, must be determined on a case-by-case basis. In re Belco, Inc., 38 B.R. 525, 527 (Bankr. W.D.Okla. 1984).  The issues to be determined are the value of the Cash Collateral and whether the proposed use of the Cash Collateral threatens that value. In re George Ruggiere Chrysler-Plymouth, Inc., 727 F.2d at 1019.  The value of the interest to be protected is the lesser of the amount of the claim or the net value of the collateral after the costs of collection have been considered.  Id. at 1020; see also United Saving Association of Texas v. Timbers of Inwood Forest Associates, 484 U.S. 365 (1988).

      If the collateral in which the creditor has a security interest is worth less than the amount owed to the creditor, the debtor in possession or Debtor must only provide adequate compensation to the extent that the value of the collateral is decreasing.  Id. at 369; In re McCombs Properties VI, Ltd., 88 B.R. 261, 266 (Bankr. C.D.Cal. 1988) (recognizing in this post-Timbers case that adequate protection must be provided if the value of the collateral is likely to diminish during the time the Cash Collateral is used).

      It is axiomatic that the use of Cash Collateral to pay for the ordinary and customary expenses of a rental property provides adequate protection for the interest of the secured creditor in such Cash Collateral.  See e.g. In re Donato, 170 B.R. 247, 256 (Bankr. D. N. J. 1994); In re Morning Star Ranch Resorts, 64 B.R. 818, 822-23 (Bankr. D. Colo. 1986).

The Budget establishes that the Debtor is generating positive earnings before interest, taxes, depreciation and amortization; consequently the cash collateral pool will not be depleted through continuing operations.  Also, as the Lim Declaration establishes, the Debtor expects a significantly better cash flow once the winter months, customarily slower, have passed.

## IV.    CONCLUSION

Based upon the foregoing, the Court should authorize the continued interim ue of cash collateral through December 31, 2010.

Dated:  October 20, 2010

LAW OFFICES OF MICHAEL JAY BERGER

By: _____

MICHAEL JAY BERGER
Attorney for Debtor,
Choa Vision, LLC

In re: CHOA VISION, LLC

Debtor(s).

CHAPTER 11

CASE NUMBER: 2:10-bk-44798-RN

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9454 Wilshire Blvd., 6th Floor, Beverly Hills, California 90212

A true and correct copy of the foregoing document described "**DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH COLLATERAL; DECLARATION OF RON LIM IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  October 20, 2010  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On  October 20, 2010   I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  October 20, 2010   I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method,) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/20/10 | Cristina Frankian | /s/ Cristina Frankian |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                                           F 9013-3.1

9

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL

1

## Service List

2

3    *Section I – Served Via Electronic Notice*

4    Office of the US Trustee
     725 S. Figueroa Street, Suite 2600
5    Los Angeles, California 90017
     ustpregion16.la.ecf@usdoj.gov
6    russell.clementson@usdoj.gov

7    Philip A Gasteier
     pag@lnbrb.com
8
     Leib M Lerner
9    leib.lerner@alston.com

10   Diane Ilacqua
     diane.ilacqua@jpmorgan.com
11
     David W. Meadows
12   david@davidwmeadowslaw.com

13   Joan E Pilver
     joan.pilver@ct.gov
14

15   *Section II – Served Via Overnight Mail*

16   Chambers of Judge Richard Neiter
     United States Bankruptcy Court – Central District of CA
17   Edward R. Roybal Federal Building and Courthouse
     255 E. Temple Street, Suite 1652
18   Los Angeles, California 90012

19   Hess Corporation
     Attention: Legal
20   One Hess Plaza
     Woodbridge, New Jersey 07095
21
     U.S. Foodservice Inc.
22   9399 W. Higgins Rd., Suite 600
     Rosemont, Illinois 60018
23
     InterContinental Hotels Group
24   Attention: Legal Department
     Three Ravinia Drive, Suite 100
25   Atlanta, GA 30346

26   *Section III – Served Via Email or Facsimile*

27   City of Hartford
     550 Main Street
28   Hartford, CT 06103
     *Facsimile: (860) 808-5383*

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL

1    Commonwealth Business Bank
     5055 Wilshire Boulevard, #100
2    Los Angeles, CA 90036
     *Email: davidk@cwbbank.com*

3
     Greater Hartford C & V Bureau
4    31 Pratt Street, 4th Floor
     Hartford, CT 06103
5    *Email: mvp@hartfordcvb.org*

6    Metropolitan District
     555 Main Street
7    PO Box 800
     Hartford, CT 06142
8    *Email: jjohnson@mdc.com*

9    One Communications
     PO Box 415721
10   Boston, MA 02241-5721
     *Email: mshaw@onecommunications.com*
11

12   Packard Hospitality Group
     8775 Aero Drive
     Suite 335
13   San Diego, CA 92123
     *Email: steve@packard-1.com*
14

15   Solomon Agency Corp.
     29-50 Union St. 2nd floor
     Suite 200
16   Flushing, NY 11354
     *Facsimile: (718) 461-8185*
17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR'S NOTICE OF MOTION AND MOTION IN SUPPORT OF CONTINUED INTERIM USE OF CASH
COLLATERAL