**MICHAEL JAY BERGER (State Bar # 100291)**
**LAW OFFICES OF MICHAEL JAY BERGER**
**9454 Wilshire Blvd. 6th Floor**
**Beverly Hills, CA 90212-2929**
**Telephone:    (310) 271-6223**
**Facsimile:    (310) 271-9805**
**michael.berger@bankruptcypower.com**

**Attorney for Debtor,**
**CHOA Vision, LLC**

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) CASE NO.:  2:10-bk-44798-RN |
| | ) |
| CHOA Vision, LLC, | ) Chapter 11 |
| | ) |
|              Debtor. | ) NOTICE OF MOTION AND MOTION |
| | ) FOR AN ORDER: |
| | ) (1)      APPROVING THE SALE |
| | ) TRANSACTION FOR CERTAIN |
| | ) ROOFTOP EASEMENT ASSET, WITH |
| | ) THE SALE TO BE FREE AND CLEAR |
| | ) OF ALL LIENS, MORTGAGES AND |
| | ) ENCUMBRANCES PURSUANT TO |
| | ) BANKRUPTCY CODE § 363 ET SEQ.; |
| | ) (2)      APPROVING WIRELESS |
| | ) COMMUNICATION EASEMENT AND |
| | ) ASSIGNMENT AGREEMENT; |
| | ) (3)      APPROVING ASSIGNMENT AND |
| | ) ASSUMPTION AGREEMENT; |
| | ) (4)      APPROVING NET PROFITS |
| | ) AGREEMENT; AND |
| | ) (5)      GRANTING OTHER RELATED |
| | ) RELIEF |
| | ) |
| | ) MEMORANDUM OF POINTS AND |
| | ) AUTHORITIES AND DECLARATION OF |
| | ) GENE W. CHOE IN SUPPORT |
| | ) THEREOF |
| | ) |
| | ) [No hearing requested] |
| | ) |
| | ) |
| | ) |
| | ) |

1

**TO THE HONORABLE RICHARD M. NEITER, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Choa Vision, LLC, debtor and debtor-in-possession herein (the "Debtor"), brings this Motion for an Order: (1) Approving the Sale Transaction for Certain Easement Asset, with the Sale to be Free and Clear of All Liens, Mortgages and Encumbrances Pursuant to Bankruptcy Code § 363 et seq.; (2) Approving Wireless Communication Easement and Assignment Agreement; (3) Approving Assignment and Assumption Agreement; (4) Approving Net Profits Agreement; and (5) Granting Other Related Relief (collectively, the "Sale Motion").

The Sale Motion is based upon this Notice, the Sale Motion and Memorandum of Points and Authorities in Support thereof, the Declaration of Gene W. Choe in support thereof, the pleadings and files in the Debtor's bankruptcy case, and upon such further oral and documentary evidence as may be presented to the Court in support of the Sale Motion.

IF YOU DO NOT OPPOSE THE MOTION DESCRIBED ABOVE, YOU NEED TAKE NO FURTHER ACTION.  HOWEVER, IF YOU OBJECT TO THE MOTION, PURSUANT TO **LOCAL BANKRUPTCY RULE 9013-1(o)(1)**, A WRITTEN OBJECTION MUST BE FILED WITH THE COURT WITHIN FOURTEEN (14) DAYS OF THE DATE OF SERVICE OF THIS NOTICE.  YOU MUST FILE YOUR OBJECTION AND A REQUEST FOR A HEARING WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT LOCATED AT 255 E. TEMPLE STREET, ROOM 940, LOS ANGELES, CALIFORNIA 90012.  YOU MUST SERVE A COPY OF YOUR OBJECTION TO THE MOTION AND

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

REQUEST FOR A HEARING, UPON THE DEBTOR'S COUNSEL AT THE MAILING

ADDRESS INDICATED IN THE UPPER LEFT-HAND CORNER OF THIS NOTICE, AND

UPON THE OFFICE OF THE UNITED STATES TRUSTEE LOCATED AT 725 S.

FIGUEROA STREET, 26TH FLOOR, LOS ANGELES, CALIFORNIA 90017.  UPON

RECEIPT OF A WRITTEN OBJECTION AND REQUEST FOR A HEARING, THE

DEBTOR'S COUNSEL WILL OBTAIN A HEARING DATE AND GIVE APPROPRIATE

NOTICE THEREOF.  **ANY FAILURE TO TIMELY FILE AND SERVE OBJECTIONS**

**MAY RESULT IN ANY SUCH OBJECTIONS BEING WAIVED.**

LAW OFFICES OF MICHAEL JAY BERGER

Dated: February 11, 2011          By: _____
                                       Michael Jay Berger
                                       Attorney for Debtor,
                                       Choa Vision, LLC

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Choa Vision, LLC, a California limited liability company, debtor and debtor-in-possession herein (the "Debtor"), owns the Crowne Plaza Hartford Downtown, located at 50 Morgan Street, Hartford, Connecticut (the "Hotel").  As set forth in more detail below, Debtor has an offer to sell a rooftop easement to a proposed buyer, T6 Unison Site Management, LLC, a Delaware limited liability company ("Unison"), for the purchase price of $230,000.00 (the "Purchase Price").

Debtor seeks a court order: (1) Approving the Sale Transaction for Certain Rooftop Easement Asset (the "Communication Easement"), with the Sale to be Free and Clear of All Liens, Mortgages and Encumbrances Pursuant to Bankruptcy Code § 363 et. seq.; (2) Approving Wireless Communication Easement and Assignment Agreement (the "Easement Agreement"); (3) Approving Assignment and Assumption Agreement Sale (the "Assignment Agreement"); (4) Approving Net Profits Agreement (the "Net Profits Agreement"); and (5) Granting Other Related Relief (collectively, the "Sale Motion").

The proposed sale of the Communication Easement will allow the Debtor to generate cash for operation of the Hotel and will further allow funding of a viable, confirmable Chapter 11 plan, which will benefit the Debtor's bankruptcy estate (the "Estate") and its creditors.

Based on the Debtor's business judgment, including the current financial market and the economics of the Debtor's situation, Debtor believes it is in the best interest of the Estate and its creditors that the Sale Motion be approved, so that Debtor does not lose this favorable business opportunity.

//

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

## II.    SALE MOTION

In support of the Sale Motion, the Debtor respectfully represents as follows:

**A.    Case Commencement**

On August 18, 2010, Debtor filed for a voluntary Chapter 11 Bankruptcy ("Petition Date").  Since the Petition Date, the Debtor has continued in the possession of its Hotel and the management of its affairs.  [See the Declaration of Gene W. Choe in Support of the Debtor's Sale Motion (the "Choe Declaration"), ¶2, attached herein.]

**B.    Debtor's Real Property Asset**

The Hotel is the only real property asset of the Estate.  [Choe Declaration, ¶3]  The Hotel's scheduled value is $12,340,000.00.  The Hotel features 350 guest rooms and suites, over 8,000 square feet of meeting space, one restaurant, a hotel bar, an outdoor pool and a fitness center.  The Debtor utilizes the Crown Plaza name under a franchise agreement with InterContinental Hotels Group.  [Choe Declaration, ¶3]

The legal description of the Communication Easement is set forth as Exhibit "B-1" to the Easement Agreement.  [Choe Declaration, ¶4, Exhibit "1"]  The legal description for the Communication Easement is believed to be accurate, but may be corrected or updated by the title company in the transfer documents as necessary to complete the proposed sale.  [Choe Declaration, ¶4]

The Debtor currently has a lease with New Cingular Wireless PCS, LLC ("Tenant") related to a communications cell tower located on the rooftop of the Hotel.  The Debtor receives monthly rent of $2,295.00, with annual escalation of 5.0%, under the communications cell tower related lease and license agreement ("Cell Tower Lease Agreement").  The proposed sale herein provides that, in addition to the sale of the Communication Easement, Debtor will assign the Cell

Tower Lease Agreement to Unison, as set forth in the Assignment Agreement.  [Choe Declaration, ¶5, Exhibit "2"]

**C.      The Proposed Sale Transaction for the Communication Easement**

The Debtor intends to sell the Communication Easement pursuant to the terms of the Easement Agreement, entered into with Unison.  Under the Easement Agreement, the Purchase Price is $230,000.00.  [Choe Declaration, ¶6, Exhibit "1"]  The principal terms of the Easement Agreement, which are summarized in the term sheet attached to the Choe Declaration as Exhibit "3", are as follows:

- **Buyer:** Unison

- **Address of Buyer:** P.O. Box 1951, Frederick, Maryland 21702-0951

- **Purchase Price:** $230,000.00.  The Purchase Price shall be the gross purchase price from which will be netted:

  o  Pro-rated rent for the period from the date of closing through July 31, 2011.  (Debtor shall be entitled to cash and retain the rent check(s) for the pro-rated periods);

  o  Title company escrow/coordination fee; and

  o  Real estate transfer taxes (if any).

- **Term of Easement Purchased:** Forty (40) years

- **Easement Asset:** (i) General rooftop easement, which includes the lease premises under the existing Cell Tower Lease Agreement and equipment footprints, and additional space outside of the existing leased area ("Additional Space"); (ii) Access and Utility Easements, as such term is defined in Exhibit "B-2" of the Easement

6

Agreement; and (iii) Assignment of the Cell Tower Lease Agreement, under the Assignment Agreement.

- **Other Transactional Terms:** Unison will receive from the Tenant, the currently scheduled rent stream (including escalations) for the term of the easement purchased. Debtor and Unison will each receive 50% of all rent collected from new tenants located within the Additional Space (the "Net Profits Agreement"). [Choe Declaration, ¶8; Exhibit "4"]

The Communication Easement is not being sold subject to overbid. Debtor has not been contacted by any potential overbidder. In the Debtor's business judgment, based upon a fair market analysis, the Debtor is receiving a better than fair market price for the Communication Easement. [Choe Declaration, ¶9]

## III.  AUTHORITIES

### A.    The Court May Approve a Sale of Estate Property When There is a Good Faith Purchaser

Under 11 U.S.C. § 363(b), the Debtor, after notice and hearing, may sell a property of the estate. The standards to establish are that there is a sound business purpose for the sale, that the sale is in the best interests of the estate, i.e., the sale is for a fair and reasonable price, that there is accurate and reasonable notice to creditors and that the sale is made in good faith. *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983). Business justification would include the need to close a sale to one of very few serious bidders where an asset has been extensively shopped and a delay could jeopardize the transaction. *See*, *In Crowthers McCall Pattner, Inc.*, 114 B.R. 877, 885 (Bankr.

S.D.N.Y. 1990) (extreme difficulty finding a buyer justified merger when buyer found). The Debtor's proposed sale meets the foregoing criteria.

### 1.    <u>Sound Business Purpose</u>

The Ninth Circuit in *In re Walter*, 83 B.R. 14 (Bankr. 9th Cir. 1988) has adopted a flexible, case by case test to determine whether the business purpose for a proposed sale justifies disposition of property of the estate under Section 363(b). In *Walter*, the court, adopting the reasoning of the Fifth Circuit in *In re Continental Air Lines, Inc.*, 780 F.2d 1223 (5th Cir. 1986), and the Second Circuit in *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983), set forth the following standard to be applied under Bankruptcy Code Section 363(b).

> Whether the proffered business justification is sufficient depends on the case. As the Second Circuit held in Lionel, the bankruptcy judge should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike. He might, for example, look to such relevant factors as the proportionate value of the assets to the estate as a whole, the amount of lapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition on future plans of reorganization, the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge.

*Walter*, *supra*, at 19-20 [*quoting*, *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)].

Here, the facts surrounding the proposed sale support the Debtor's business decision that the proposed sale is in the best interest of the Estate and its creditors. The proposed sale will allow the Debtor to generate cash for operation of the Hotel and funding a viable, confirmable Chapter 11 plan that will benefit the Debtor's Estate and its creditors. If the Court does not

8

approve the proposed sale, the Debtor may lose the opportunity to sell the Communication

Easement at the price the Debtor is contracted to receive and cause the Estate to incur additional

expenses associated with finding a new buyer, if one could be found in the present market.

Therefore, the Debtor respectfully submits that, if this Court applies the good business

reason standard suggested by the Second Circuit in *Lionel*, the proposed sale should be approved.

### 2.      The Sale Serves the Best Interests of the Estate and Creditors

The Purchase Price represents a fair and reasonable offer at the high end of the potential

fair market value for the certain Communication Easement in the proposed sale. [Choe

Declaration, ¶10]  The Debtor believes it is in the best interest of the Estate that the Sale Motion

be approved so that Debtor does not lose this favorable business opportunity.  [Choe Declaration,

¶11]  There are many benefits to the Estate, as set forth above.  If the sale is not approved, the

Debtor will incur additional costs of trying to find a new buyer for this asset, which presents a

unique opportunity for the Debtor to infuse cash into the operations, for the continued operation

of the Hotel and the Debtor's eventual plan of reorganization.

Thus, the Debtor has made a business decision that it is in the best interest of the creditors

of this Estate that this Sale Motion be approved.

### 3.      Accurate and Reasonable Notice

It is expected that notice of this Sale Motion will satisfy the requirements for accurate

and reasonable notice and will be appropriate under the circumstances.

As set forth in the attached Proof of Service, Notice of this Sale Motion was served on all

creditors and includes a summary of the terms and conditions of the proposed sale, the time fixed

for filing objections, and a general description of the Communication Easement.  Hence, no

further notice should be necessary.

9

4.    **The Sale is Made in Good Faith**

The proposed sale has been brought in good faith and was negotiated on an "arms length" basis.

The court in *Wilde Horse Enterprises*, 136 B.R. 830 (Bankr. C.D. Cal. 1991) set forth the factors in considering whether a transaction is in good faith.  The court stated:

> 'Good faith' encompasses fair value, and further speaks to the integrity of the transaction.  Typical 'bad faith' or misconduct, would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers . . . And, with respect to making such determinations, the court and creditors must be provided with sufficient information to allow them to take a position on the proposed sale. (citations omitted)

*Wilde*, *supra*, at 842.

In the present case, the negotiation of the proposed sale was an arms-length transaction. The negotiations with Unison have resulted in an offer to sell the Communication Easement that will have substantial benefit to the Estate.  As set forth in the attached Proof of Service, the Notice of the Sale Motion has been served on all of the creditors.  Accordingly, the sale is in good faith and should be approved.  The Debtor requests such a finding pursuant to Bankruptcy Code Section 363(m).

B.    **Sale of the Communication Easement Free and Clear of Liens, Mortgages and Encumbrances Should be Permitted**

11 U.S.C § 363(f) allows a chapter 11 debtor to sell property of the bankruptcy estate "free and clear or any interest in such property of an entity," if any one of the following five conditions is met:

//

//

10

> (1)     applicable nonbankruptcy law permits sale of such property
> free and clear of such interest;
> (2)     such entity consents;
> (3)     such interest is a lien and the price at which such property
> is to be sold is greater than the aggregate value of all liens on such
> property;
> (4)     such interest is in bona fide dispute; or
> (5)     such entity could be compelled, in a legal or equitable
> proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

§ 363(f) is written in the disjunctive and thus only one of the enumerated conditions needs to be satisfied for court approval to be appropriate.

### 1.    Section 363(f)(2) – Consent

The proposed sale is proper pursuant to § 363(f)(2).  The Debtor believes that secured creditor 50 Morgan CT, LLC ("50 Morgan") will have no objection to the proposed sale, as this would further ensure that the Debtor will make its monthly payments to 50 Morgan.  The Debtor desires to take advantage of Unison's favorable purchase offer to effectuate the Sale of the Communication Easement.

Courts have approved sales under 11 U.S.C. §363(f) even where the sale price did not exceed the value of the liens asserted on the property, so long as the sale is for fair market value. *In re Terrace Gardens Park Partnership*, 96 B.R. 707 (Bankr. W.D. Tex. 1989); *In re Beker Indus. Corp.*, 63 B.R. 474, 477 (Bankr. S.D.N.Y. 1986).

Thus, approval of the proposed sale free and clear of liens, mortgages, and encumbrances pursuant to 11 U.S.C. § 363(f)(2) in the manner provided herein is appropriate.

//

//

//

11

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

**C.      The Sale Does Not Contravene Policy**

As early as 1981, a court held that:

> As to whether the sale by a trustee of all of the Debtors' assets
> must take place in the context of a confirmed reorganization plan,
> the case law again is clear that there is nothing objectionable about
> a sale of all the assets outside of a Chapter 11 plan.

*In re WHET, Inc.*, 12 B.R. 743, 750 (Bankr. D. Mass. 1981).

Not to the contrary, the Fifth Circuit decision in *In re Braniff Airways, Inc.*, 700 F.2d 935 (5th Cir. 1983), disapproved an asset sale because the transaction at issue involved much more than a sale of property in that the documents significantly limited the Debtors' reorganization options.  [*Id*. at 939]

In essence, based on good business reasons, including the current financial market and the economics of the Debtor's situation, it is in the best interest of the creditors of this Estate that this Sale Motion be approved.  Accordingly, the proposed sale does not conflict with underlying bankruptcy policy.  *See*, *In re Brethren Care of South Bend, Inc.*, 98 B.R. 927, 934 (Bankr. N.D. Ind. 1989) (certainty of future for tenants was good business reason and only feasible plan was liquidation, so 363 sale approved despite pending plan of reorganization).

**D.      The Court has Authority to Waive the Fourteen-Day Stay of Sale**

Federal Rule of Bankruptcy Procedure 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."

The Debtor desires to complete the proposed sale as soon as practicable after entry of an order approving the proposed sale.  Accordingly, the Debtor requests that the Court in the discretion provided under Federal Rule of Bankruptcy Procedure 6004(h), waive the fourteen-day stay of the order granting this Sale Motion.

## IV.    <u>CONCLUSION</u>

Based upon the foregoing, the Debtor respectfully submits that good cause exists for granting the Sale Motion and the Debtor respectfully requests that the Court enter an order as follows:

1. Approving the Easement Agreement related to the proposed sale of the Communication Easement at the Hotel, in substantially the form as attached hereto as Exhibit "1" to the <u>Choe Declaration</u>, and authorizing the Debtor to sell the Communication Easement to Unison pursuant to the terms and conditions set forth in the Easement Agreement.

2. Approving the Assignment Agreement related to the sale transaction for the Communication Easement, in substantially the form as attached hereto as Exhibit "2" to the <u>Choe Declaration</u>;

3. Approving the Net Profits Agreement related to the sale transaction for the Communication Easement, in substantially the form as attached hereto as Exhibit "4" to the <u>Choe Declaration</u>;

4. Authorizing the Debtor to sign any and all documents convenient and necessary in pursuit of the proposed sale as set forth above;

5. A determination by the Court that Unison is in good faith with respect to the proposed sale, pursuant to Bankruptcy Code Section 363(m).

6. Waiving the fourteen-day stay of the order approving the proposed sale of the Communication Easement, under Federal Rules of Bankruptcy Procedure 6004(h).

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

1   7.  And for such other and further relief as the Court deems just and proper under the

2 circumstances of this case.

3

4

5 Dated: February 11, 2011   By: _____

6             Michael Jay Berger
              Attorneys for Debtor,
7              Choa Vision, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

### DECLARATION OF GENE W. CHOE

I, Gene W. Choe, declare and state as follows:

1.       I am a Member of CHOA Vision, LLC, the debtor and debtor-in-possession herein (the "Debtor").  I have been responsible for overseeing the day-to-day operating and financial performance of the Debtor and am involved in all aspects of the Debtor's financial and business affairs since its inception.  I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2.       On August 18, 2010, Debtor filed for a voluntary Chapter 11 Bankruptcy ("Petition Date").  Since the Petition Date, the Debtor has continued in the possession of its Hotel and the management of its affairs.

3.       The Hotel is the only real property asset of the Estate.  The Hotel's scheduled value is $12,340,000.00.  The Hotel features 350 guest rooms and suites, over 8,000 square feet of meeting space, one restaurant, a hotel bar, an outdoor pool and a fitness center.  The Debtor utilizes the Crown Plaza name under a franchise agreement with InterContinental Hotels Group.

4.       The legal description of the Communication Easement is set forth as Exhibit "B-1" to the Wireless Communication Easement and Assignment Agreement (the "Easement Agreement").  Attached hereto as Exhibit "1", and incorporated herein by this reference, is a true and correct copy of the Easement Agreement.  The legal description for the Communication Easement is believed to be accurate, but may be corrected or updated by the title company in the transfer documents as necessary to complete the proposed sale.

5.       The Debtor currently has a lease with New Cingular Wireless PCS, LLC ("Tenant") related to a communications cell tower located on the rooftop of the Hotel.  The Debtor receives monthly rent of $2,295.00, with annual escalation of 5.0%, under the

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

communications cell tower related lease and license agreement ("Cell Tower Lease

Agreement").  The proposed sale herein provides that, in addition to the sale of the

Communication Easement, Debtor will assign the Cell Tower Lease Agreement to the proposed

buyer, as set forth in the Assignment and Assumption Agreement (the "Assignment

Agreement").  Attached hereto as Exhibit "2", and incorporated herein by this reference, is a true

and correct copy of the Assignment Agreement.

6.      The Debtor intends to sell the Communication Easement pursuant to the terms of

the Easement Agreement, entered into with the proposed buyer.  The proposed buyer is T6

Unison Site Management, LLC, a Delaware limited liability company ("Unison").  Under the

Easement Agreement, the Purchase Price is $230,000.00.

7.      The principal terms of the Easement Agreement is summarized in the Terms of

Agreement. Attached hereto as Exhibit "3", and incorporated herein by this reference, is a true

and correct copy of the Terms of Agreement.

8.      Attached hereto as Exhibit "4", and incorporated herein by this reference, is a true

and correct copy of the Net Profits Agreement.

9.      The Communication Easement is not being sold subject to overbid.  Debtor has

not been contacted by any potential overbidder.  In the Debtor's business judgment, based upon a

fair market analysis, the Debtor is receiving a better than fair market price for the

Communication Easement.

10.     The Purchase Price represents a fair and reasonable offer at the high end of the

potential fair market value for the certain Communication Easement in the proposed sale.

11.     The Debtor believes it is in the best interest of the Estate that the Sale Motion be

approved so that Debtor does not lose this favorable business opportunity.

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

1        I declare under penalty of perjury that the foregoing is true and correct and that this

2    declaration is executed on February ___, 2011 at Los Angeles, California.

3

4                            _____

5                            GENE W. CHOE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

**Comments of the Office of the United States Trustee**

[   ]    The U.S. Trustee takes no position.

[   ]    The U.S. Trustee has no objection.

[   ]    The U.S. Trustee objects and requests a hearing.

[   ]    An objection is raised as set forth below.

**Comments:**

OFFICE OF THE U.S. TRUSTEE

**Dated:** _____        _____
                                **Attorney for the U.S. Trustee**

**In Re: CHOA Vision, LLC**

Chapter 11

Case No: **2:10-bk-44798-RN**

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

| In re: CHOA VISION, LLC | CHAPTER:11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:10-bk-44798-RN |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

A true and correct copy of the foregoing document described "**NOTICE OF MOTION AND MOTION FOR AN ORDER: (1)    APPROVING THE SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET, WITH THE SALE TO BE FREE AND CLEAR OF ALL LIENS, MORTGAGES AND ENCUMBRANCES PURSUANT TO BANKRUPTCY CODE § 363 ET SEQ.; (2)    APPROVING WIRELESS COMMUNICATION EASEMENT AND ASSIGNMENT AGREEMENT; (3)    APPROVING ASSIGNMENT AND ASSUMPTION AGREEMENT; (4)    APPROVING NET PROFITS AGREEMENT; AND (5)    GRANTING OTHER RELATED RELIEF, MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF GENE W. CHOE IN SUPPORT THEREOF**" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On  February 11 , 2011  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  February 11 , 2011  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

⊠ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  February 11 , 2011  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

⊠ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| February 11, 2011 | Jessica Orchard | /s/ Jessica Orchard |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*                                                                                          **F 9013-3.1**

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

1

# SERVICE LIST

2

*Served Via Electronic Notice*

3

United States Trustee (LA)
4 725 S. Figueroa Street, Suite 2600
Los Angeles, California 90017
5 ustpregion16.la.ecf@usdoj.gov
russell.clementson@usdoj.gov

6

Michael Jay Berger
7 michael.berger@bankruptcypower.com
cristina.frankian@bankruptcypower.com

8

Philip A Gasteier
9 pag@lnbrb.com

10 Irving M Gross
img@lnbrb.com
11 angela@lnbrb.com

12 Michael J Heyman
michael.heyman@klgates.com

13

Diane Ilacqua
14 diane.ilacqua@jpmorgan.com

15 Leib M Lerner
leib.lerner@alston.com

16

David W. Meadows
17 david@davidwmeadowslaw.com

18 Joan E Pilver
joan.pilver@ct.gov

19

*Served Via US Mail:*

20

Hess Corporation
21 Attention: Legal
One Hess Plaza
22 Woodbridge, New Jersey 07095

23 U.S. Foodservice Inc.
9399 W. Higgins Rd., Suite 600
24 Rosemont, Illinois 60018

25 InterContinental Hotels Group
Attention: Legal Department
26 Three Ravinia Drive, Suite 100
Atlanta, GA 30346

27

28

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

Metropolitan District
555 Main Street
PO Box 800
Hartford, CT 06142

Plymouth Park Tax Services
DBA XSPAND
115 S. Jefferson Rd. D-4
Whippany, NJ 07981-1029

GHCVB
31 Pratt St.
4th Floor
Hartford, CT 06103-1630

### Section III – Served Via Email or Facsimile

50 MORGAN CT, LLC
3435 Wilshire Blvd., Suite 430
Los Angeles, CA 90010
*Facsimile: (213) 487-9776*

City of Hartford
550 Main Street
Hartford, CT 06103
*Facsimile: (860) 808-5383*

Commonwealth Business Bank
5055 Wilshire Boulevard, #100
Los Angeles, CA 90036
*Email: davidk@cwbbank.com*

Greater Hartford C & V Bureau
31 Pratt Street, 4th Floor
Hartford, CT 06103
*Email: mvp@hartfordcvb.org*

One Communications
PO Box 415721
Boston, MA 02241-5721
*Email: mshaw@onecommunications.com*

Packard Hospitality Group
8775 Aero Drive
Suite 335
San Diego, CA 92123
*Email: steve@packard-1.com*

Solomon Agency Corp.
29-50 Union St. 2nd floor
Suite 200
Flushing, NY 11354
*Facsimile: (718) 461-8185*

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET

State of Connecticut
Department of Revenue Services
25 Sigourney Street, Ste 2
Hartford, CT 06106
*Facsimile: (860) 297-5916*

MOTION APPROVING SALE TRANSACTION FOR CERTAIN ROOFTOP EASEMENT ASSET