Leib M. Lerner (CA Bar No. 227323)
Diane C. Stanfield (CA Bar No. 106366)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
leib.lerner@alston.com
diane.stanfield@alston.com

Attorneys for Holiday Hospitality Franchising, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: CHOA VISION, LLC,<br><br>  Debtor and Debtor in Possession. | Chapter 11<br><br>Case No.: 2:10-bk-44798 RN<br><br>**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY OF HOLIDAY HOSPITALITY FRANCHISING, INC.; DECLARATION OF LEIB M. LERNER**<br><br>Hearing on Motion<br>Date: March 8, 2011<br>Time: 9:00 am<br>Place: Courtroom 1645<br>255 E Temple St.<br>Los Angeles, CA 90012 |

**TO THE HONORABLE RICHARD M. NEITER AND OTHER PARTIES IN INTEREST:**

Holiday Hospitality Franchising, Inc. ("HHFI" or "Licensor") submits its Reply in Support of Motion for Relief from Stay, as follows:[1]

**DEBTOR'S OSAT SCORES FAIL AND ARE NOT TRENDING TOWARD PASSING**

Debtor's opposition to the Motion reinforces why relief from stay should be granted pursuant to section 362(d)(1) of the Bankruptcy Code. The Debtor filed its petition in August 2010. As established by the Motion, the Debtor's 12 month rolling "Overall satisfaction at this hotel" (or

---

[1] Capitalized terms not otherwise defined herein shall be defined in accordance with their definition in HHFI's Motion for Relief from Stay (the "Motion").

1

"OSAT") score was then down to 77.26, failing by a large margin. Fast forward to November 2010, the first month with information supplied in the Opposition, and the Debtor's monthly OSAT score was <u>down</u> to 70.97. *See* Opposition, Exhibit 1. December 2010 was much worse, <u>down</u> to 59.52. January crept back up to 70.00. All of these scores are failing scores that harm HHFI's brand. None of them make any progress in bringing the required 12 month rolling average OSAT score within range of passing.

Nor do the partial figures provided by Debtor for the first three weeks of February 2011 miraculously pull the Debtor out of failing range. While the Debtor makes much of a supposedly good score during the past month, it is more accurate to state that the Debtor continues to fail its month to month OSAT scores. During the fourth week of February, the Debtor achieved a low 67.85 OSAT score. *See* Exhibit 7 attached to the Declaration of Leib M. Lerner attached hereto. Combining that score with the first three weeks of February, the Debtor's average OSAT score for the single month of February is below 82.00.

**DEBTOR'S FAILING 12 MONTH AVERAGE OSAT SCORE IS CAUSE FOR RELIEF**

More important than any individual month's score is that the determination of "pass" or "fail" is based not on any individual month but rather on the rolling 12 month average. Here, the Debtor is failing, continues to fail, and there is no foreseeable trend towards the Debtor reaching a passing 12 month rolling OSAT score.

As discussed in the Motion, courts recognize that the primary mechanism a franchisor has to protect the value and integrity of its name and the related Marks is through its quality assurance program. *In re Tudor Motor Lodge Associates, L.P.*, 102 B.R. 936 (Bankr. D.N.J. 1989); *Days Inns of America Franchising, Inc. v. Gainesville P-H Properties, Inc. (In re Gainesville P-H Properties, Inc.)*, 77 B.R. 285, 288 (Bankr. M.D. Fla. 1987). The failure to cure defaults under a franchise agreement is "cause" for relief from the automatic stay. *See In re Deppe*, 110 B.R. 898 (Bankr. D. Minn. 1990). Here, the Debtor is in default of its franchise agreement because it failed to maintain a passing OSAT score. At this moment, the Debtor does not have a passing OSAT score, and there is no reasonable expectation that it will be able to achieve a passing OSAT score in the near future.

### **GRANTING THE MOTION IS NOT "PRECIPITOUS"**

Termination of the Franchise Agreement is not "precipitous" as the Debtor states; rather, HHFI has been patient in working with the Debtor on the Debtor's failing OSAT scores for more than a year. As discussed at length in the Motion, the Debtor was given a notice of default regarding its OSAT failure more than a year ago, on January 11, 2010. After the Petition Date, bankruptcy protection has not helped the Debtor raise its scores, and in fact its scores have dropped. HHFI should not be forcibly tied to a franchisee that is harming HHFI's Marks and reputation.

Even if it were true that the Debtor could show some trend of rising scores (which HHFI disputes), that trend could not be adequate protection for the harm presently caused to HHFI by Debtor's currently failing scores. Section 361 lists three examples of adequate protection – money, liens and "other relief…as will result in the realization of such entity of the indubitable equivalent of such entity's interest in such property." Here, HHFI is concerned not with payment but rather with protection of its reputation, which would fall within the "indubitable equivalent" framework for adequate protection. HHFI respectfully submits that Debtor's failing 12 month rolling OSAT score, including the OSAT scores over the past few months that are themselves within failing range, do not provide HHFI with the indubitable equivalent of its interest in property, namely, its Franchise Agreement and the Marks protected by the Franchise Agreement.

Finally, the loss of the Franchise Agreement is not the same as, for example, the granting of relief to a secured creditor to foreclose. Here, even if the Motion is granted, the Debtor can continue to operate the Hotel independent of HHFI's Marks. Debtor is not losing the Hotel, just the right to utilize HHFI's Marks.

### **CONCLUSION**

For the reasons stated above and in the Motion, HHFI respectfully requests that the Court enter an order terminating the automatic stay: (i) granting relief from stay for HHFI to terminate the Franchise Agreement; (ii) allowing HHFI to exercise its rights under the Franchise Agreement, including to require the Debtor to take all action necessary to de-identify the Hotel and to cease use of HHFI's intellectual property; (iii) ordering the Debtor to take all action necessary to de-identify the Hotel and to cease use of HHFI's intellectual property; (iv) authorizing HHFI to remove Debtor

1 from the reservation service and System; (v) authorizing HHFI to take any other actions necessary to
2 protect its Marks and the use of the System; (vi) waiving the provision of FRBP 4001(a)(3); and (vii)
3 for such other and further relief as the Court may order.

5 DATED: March 1, 2011                          **ALSTON & BIRD LLP**

/s/ Leib M. Lerner
Leib M. Lerner
Attorneys for Holiday Hospitality Franchising, Inc.

# DECLARATION OF LEIB M. LERNER

I, Leib M. Lerner, declare as follows:

1. I am an attorney for Alston & Bird, LLP, counsel for movant Holiday Hospitality Franchising, Inc. ("HHFI"). I make this declaration in support of the Motion for Relief from the Automatic Stay of Holiday Hospitality Franchising, Inc. (the "Motion") and the reply to which this Declaration is attached. Capitalized terms not defined in this declaration shall have the meaning ascribed to them in the Motion.

2. I have personal knowledge of the facts set forth in this declaration, except as to those facts stated on information and belief, which I believe to be true. If called as a witness, I could and would testify competently to the facts set forth in this declaration.

3. A true and correct copy of a screen shot of the weekly OSAT reports for the subject Debtor, which was provided to me by HHFI, is attached as **Exhibit 7** hereto. I am informed and believe that this report contains the weekly OSAT scores for the Debtor for the month of February 2011.

4. Taking the columns in the report labeled "Wk" and "Q1" it can be seen that the scores for weeks 1, 2 and 3 of February 2011 correspond to the same scores submitted by Debtor in the Opposition. The OSAT score calculation for week 4 of February 2011 was left out by the Debtor, but is shown in the attached report to be 67.85 [75+75+75+25+25+100+100/700=67.85]. Using these figures, the average OSAT score for February 2011 can be calculated at 81.49 [72.50+90.63+95+67.85/400=81.49].

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on March 1, 2011, at Los Angeles, California.

/s/ Leib M. Lerner
Leib M. Lerner

# **EXHIBIT 7**

Exhibit 7-Page 6 of 10



Exhibit 7-Page 7 of 10
2/28/2011

| | |
|---|---|
| In re: CHOA VISION, LLC, | CHAPTER 11 |
| Debtor and Debtor in Possession | CASE NUMBER: 2:10-bk-44798 RN |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 333 S. Hope Street, Los Angeles, California 90071

The foregoing document described as **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY OF HOLIDAY HOSPITALITY FRANCHISING, INC.; DECLARATION OF LEIB M. LERNER** will be served or was served on the judge (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 1, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:** On March 1, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 1, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 1, 2011 | Melanie Mizrahie | /s/ Melanie Mizrahie |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    **F 9013-3.1**

*In re:* CHOA Vision, LLC
U.S. Bankruptcy Court, Case No.: 2:10-bk-44798-RN

**SERVICE LIST**

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF)**

Michael Jay Berger on behalf of Debtor
michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com

Russell Clementson, Trustee
russell.clementson@usdoj.gov

Philip A Gasteier on behalf of Creditor 50 Morgan CT, LLC
pag@lnbrb.com

Diane Ilacqua, on behalf of Creditor Plymouth Park Tax Services LLC
diane.ilacqua@jpmorgan.com

Irving M Gross    img@lnbrb.com, angela@lnbrb.com

Leib M Lerner on behalf of Holiday Hospitality Franchising, Inc.
leib.lerner@alston.com

United States Trustee
ustpregion16.wh.ecf@usdoj.gov

Michael J Heyman on behalf of Plymouth Park Tax Services LLC
michael.heyman@klgates.com

David W. Meadows
david@davidwmeadowslaw.com

Joan E Pilver
joan.pilver@ct.gov

**SERVED BY U.S. MAIL**

| | |
|---|---|
| DEBTOR IN POSSESSION<br>CHOA Vision, LLC<br>3699 Wilshire Blvd., Suite 720<br>Los Angeles, CA 90010 | Honorable Richard M Neiter<br>United States Bankruptcy Court<br>255 E. Temple Street, Room 940<br>Los Angeles, CA 90012 |
| American Hotel Register Company<br>11754 Cabernet Drive<br>Fontana, CA 92337 | Carter Brothers, LLC<br>100 Hartsfield Center Parkway<br>Atlanta, GA 30354 |
| City Line Distributors<br>20 Industry Drive Exn<br>West Haven, CT 06516 | City of Hartford<br>550 Main Street<br>Hartford, CT 06103 |

| | | |
|---|---|---|
| 1 | Connecticut Light & Power<br>PO Box 270<br>Hartford, CT 06141 | Greater Hartford C & V Bureau<br>31 Pratt Street, 4th Floor<br>Hartford, CT 06103 |
| 2 | | |
| 3 | Hess Corporation<br>1185 Avenue of the Americas, 40th Floor<br>New York, NY 10036 | Lodgenet Interactive Corporation<br>535 Fifth Avenue, 15th Fl.<br>New York, NY 10017 |
| 4 | | |
| 5 | M3 Acocunting Services<br>800 Jesse Jewell Parkway SW<br>Gainesville, GA 30501 | Metropolitan District<br>555 Main Street<br>PO Box 800<br>Hartford, CT 06142 |
| 6 | | |
| 7 | Pullman & Comley, LLC<br>90 State House Square<br>Hartford, CT 06103 | One Communications<br>PO Box 415721<br>Boston, MA 02241-5721 |
| 8 | | |
| 9 | Spark Energy Gas, L.P.<br>3010 Briarpark Drivem Suite 550<br>Houston, TX 77042 | State of Connecticut<br>Department of Revenue Services<br>25 Sigourney Street, Ste 2<br>Hartford, CT 06106 |
| 10 | | |
| 11 | US Foodservice<br>15155 Northam Street<br>La Mirada, CA 90638 | Willis of Oregon, Inc.<br>1 SW Columbia St., Ste 500<br>Portland, OR 97258 |
| 12 | | |
| 13 | Zep, Inc.<br>1310 Seaboard Industrial Dr.<br>Atlanta, GA 30318 | |
| 14 | | |