PHILIP A. GASTEIER (SBN 130043)
pag@lnbyb.com
ANTHONY A. FRIEDMAN (SBN 201955)
aaf@lnbyb.com
LEVENE NEALE BENDER YOO & BRILL LLP
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for 50 MORGAN CT, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.: 2:10-bk-44798-RN |
| CHOA VISION LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | DECLARATION OF PHILIP A. GASTEIER IN SUPPORT OF 50 MORGAN CT, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING CONTINUING USE OF CASH COLLATERAL |
| | Date:    March 24, 2011 |
| | Time:    2:00 p.m. |
| | Place:   Courtroom 1645 |

1

## DECLARATION OF PHILIP A. GASTEIER

I, PHILIP A. GASTEIER, declare as follows:

1.  I am a partner of the law firm of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBRB"), attorneys for 50 MORGAN CT, LLC ("50 Morgan") herein. I am an attorney licensed to practice law in the State of California, in the United States District Court and the Bankruptcy Courts for all Districts of California, and the United States Court of Appeals for the Ninth Circuit. I make this declaration in support of 50 Morgan's opposition ("Opposition") to the Motion in Support of Continued Interim Use of Cash Collateral (the "Motion") filed by Choa Vision, LLC, the debtor and debtor in possession herein (the "Debtor"), pertaining to the Debtor's Supplemental Points and Authorities ("Supplement") and declaration of Ron Lim ("Lim Declaration") filed March 7, 2011. Unless indicated to the contrary, the facts contained herein are true based on my personal knowledge and if called upon as a witness in this case, I could and would testify competently to the truth thereof.

2.  The Debtor filed this bankruptcy on August 18, 2010. The Motion states that the Debtor is operating a 350-room hotel in Hartford, Connecticut, with a management firm and that the Debtor is a co-employer which is required to fund payroll and related benefit payments for a 96 person staff. Despite repeated notice that 50 Morgan did not consent to use of cash collateral, and requests for a proposed budget, the Debtor did not file a cash collateral motion until September 17, 2010, approximately one month after the filing of the Debtor's petition. An initial hearing was held on September 24, 2010, and continued to September 30, 2010, to allow the Debtor to submit a budget with sufficient detail. Following the continued hearing, the Court entered an Order on October 7, 2010 (the "First Order").

3.  The Debtor failed to make the payment required by paragraph 4 of the First Order on October 6, and failed to supply the insurance endorsements and financial reports required by paragraphs 7 and 8 of the Order on October 8, 2010. Notice of default was given by 50 Morgan on October 11, 2010. Accordingly, the Debtor's authority to use cash collateral expired October 18, 2010.

4.  Notwithstanding the Debtor's failure to completely cure all defaults, notably insurance endorsements, 50 MORGAN agreed to entry of the Order entered October 26, 2010 (the "Second Cash Collateral Order") through January 5, 2011. Once again, the Debtor regularly defaulted in performance of its obligations (including a bounced check), as is reflected in the copies of emails dated November 10, December 10 and December 27, 2010, attached hereto as Exhibit "B." The Debtor's authority to use cash collateral terminated per the terms of the Second Cash Collateral Order on or about December 16, 2010, by reason of its failure to timely cure the insurance default. The Debtor then defaulted in its obligation to timely supply financial reporting for December 1-15, 2010.

5.  Notwithstanding the Debtor's failure to completely cure all defaults under the Second Cash Collateral Order, 50 MORGAN agreed to entry of the Order entered February 4, 2011 (the "Third Cash Collateral Order") a copy of which is attached hereto as Exhibit "A." The Debtor continued its pattern of defaults. The Debtor ignored all reporting requirements until given notice of default. Then the Debtor only partially cured defaults, and asserted that it would continue to ignore other requirements to which it had agreed. This is shown in the copies of emails dated January 14 and 21; February 11, 23 and 28; and March 1 and 8, 2011, attached hereto as Exhibit "C." Notably, as further described in these emails, the Debtor has exceeded permitted variances for expenditures; has failed to respond to an inquiry regarding a non-authorized disbursement of over $114,000 for "Owner's Expense"; has refused to comply with agreed provisions of the Third Cash Collateral Order, asserting that it would simply report at different times or not at all; and has completely failed to supply information regarding payment of real property taxes despite the express requirement of the Third Cash Collateral Order that such payments be made or set aside to a segregated account.

6.  A copy of the Debtor's January 2011 Monthly Operating Report filed with the Court is attached as Exhibit "D."

///

///

7. Review of the reports submitted by the Debtor for the six months through February 2011, shows an average Occupancy Rates as follows:

CHOA VISION Reported Occupancy

| | |
|---|---|
| September 2010 | 49.57% |
| October 2010 | 62.02% |
| November 2010 | 48.65% |
| December 2010 | 18.69% |
| January 2011 | 40.09 (first reported as 20.05%) |
| February 2011 | 50.45% |
| Average 6 months | 44.91% |

Copies of the summary pages of the Debtor's cash collateral reports for the above months are attached hereto as Exhibit "E."

8. The Debtor's reported operating results before debt service are as follows:

CHOA VISION NET INCOME

| | (before debt service) | (after debt service) |
|---|---|---|
| August 2010 | -81,772 | -81,772 |
| September 2010 | -3,848 | -3,848 |
| October 2010 | 221,794 | 16,149 |
| November 2010 | -3,780 | -88,780 |
| December 2010 | -277,775 | -362,775 |
| January 2011 | -80,942 | -165,942 |
| February 2011 | -45,200 | -130,430 |
| Total | $271,523 | -817,398 |

9. A copy of the Schedules filed by the Debtor is attached hereto as Exhibit "F." A copy of the proof of claim filed by Xspand is attached hereto as Exhibit G." A copy of the proof of claim filed by Holiday Hospitality Franchising, Inc. is attached hereto as Exhibit H."

10. A copy of the Notice of Default letter dated July 7, 2010, supplied by counsel for Commonwealth Bank to counsel for 50 Morgan, is attached hereto as Exhibit. "1." 50 Morgan is owed $13,655,992.24 as of the petition date, calculated as follows:

///

///

4

|   |   |
|---|---|
| Notice of Default July 7, 2010 | |
| Total Due | $13,428,739.00 |
| Per diem interest: $4,545.05 | |
| 50 days to Petition Date August 18, 2010 | 227,252.50 |
| Total as of Petition Date | $13,655,992.24 |

11.     The Debtor's scheduled value of the Property is $12,340,000. Xspand has filed a claim for $1,341,539.41, and the City of Hartford is scheduled at $472,510.11 in real property taxes owed, for a total of $1,633,025.11. Assuming those real property tax claims are senior to the lien of the Mortgage, 50 Morgan's secured claim would be $10,706,974.89 and its unsecured deficiency claim would be at least $ 2,402,372.

12.     My analysis of the scheduled and filed claims in this case indicates that the current amount of such claims not including the deficiency claim of 50 Morgan was $1,418,022.80 (as adjusted through claim # 18), based on adjusting the scheduled total for claims as filed. A copy of the claims Register as of February 28, 2011, is attached hereto as Exhibit "J." The deficiency claim of 50 Morgan would constitute approximately 63% of unsecured claims based on the Debtor's valuation.

13.     The interest rate under the Note is 7.985%. The loan due date is February 28, 2012. At the 7.985% rate, even a 30 year amortization of $10,706,974.89 would require monthly payments of $78,452.06. The Debtor has also scheduled unpaid sales/use taxes of $234,788.52. Payments on the filed claims for real property taxes over the 4 years starting August 2011 at 7% interest would be $39,104.82 per month. Payments on the filed claims for real property taxes over 4 years starting August 2011 at the current 18% interest rate would be $47,970.11 per month. Payments on the scheduled claims for sales taxes over 4 years starting August 2011 at 7% interest (suggested as the non-bankruptcy rate) would be $5,622.30 per month. Assuming the 7% rate could be imposed, the total for payments on secured and priority tax claims is $44,727.12 per month. The total monthly payment for taxes and debt service would be at least $123,179.18.

///

14.     Attached hereto as Exhibit "K" is a copy of 50 Morgan's Opposition to the Debtor's Motion For An Order: (1) Authorizing The Sale Transaction For Certain Rooftop Easement Asset, With The Sale To Be Free and Clear Of All Liens, Mortgages And Encumbrances Pursuant To Bankruptcy Code § 363 Et Seq.; (2) Approving Wireless Communications Easement And Assignment Agreement; (3) Approving Assignment And Assumption Agreement; (4) Approving Net Profits Agreement; And (5) Granting Other Related Relief, with exhibits omitted since they are largely duplicative of other exhibits to the Opposition or this Declaration.

15.     Attached hereto as Exhibit "L" is a copy of the Summary page projections attached to Mr. Lim's Declaration in support of the Debtor's last cash collateral Supplement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this 14th day of March 2011 at Los Angeles, California.

                                      */s/ Philip A. Gasteier*
                                      PHILIP A. GASTEIER

| In re:<br>CHOA VISION LLC, | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 2:10-bk-44798-RN |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described as DECLARATION OF PHILIP A. GASTEIER IN SUPPORT OF 50 MORGAN CT, LLC'S OPPOSITION TO DEBTOR'S MOTION FOR AN ORDER AUTHORIZING CONTINUING USE OF CASH COLLATERAL will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On March 14, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Michael Jay Berger    michael.berger@bankruptcypower.com, cristina.frankian@bankruptcypower.com
- Russell Clementson    russell.clementson@usdoj.gov
- Philip A Gasteier    pag@lnbrb.com
- Irving M Gross    img@lnbrb.com, angela@lnbrb.com
- Michael J Heyman    michael.heyman@klgates.com
- Diane Ilacqua    diane.ilacqua@jpmorgan.com
- Leib M Lerner    leib.lerner@alston.com
- David W. Meadows    david@davidwmeadowslaw.com
- Joan E Pilver    joan.pilver@ct.gov
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On March 14, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Served Via United States Mail**
Russell Clementson
725 S Figueroa Ste 2600
Los Angeles, CA 90017

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 14, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

1

1 | **Via Attorney Service Delivery**
Hon. Richard M. Neiter
2 | United States Bankruptcy Court
255 East Temple Street, Courtroom 1645
3 | Los Angeles, CA 90012

4 | I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

5 |

| March 14, 2011 | John Berwick | *[signature]* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

7 | January 2009                                                                                             **F 9013-3.1**